UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:20-CV-00048-JHM

CHRISTOPHER JOHNSTON                                                                      PLAINTIFF

V.

CHUBB GROUP OF INSURANCE
COMPANIES, GREAT NORTHERN
INSURANCE COMPANY, et al.                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Christopher Johnston's Motion to Remand. [DN 10]. Fully briefed, the matter is ripe for decision. For the following reasons, the motion is **DENIED**.

### I.    BACKGROUND

Sherri Conn, as administrator of George Tyrell Burchett's estate, sued Webster County Coal, LLC (WCC) and Johnston for wrongful death in state court. [DN 1-2 at 7]. Later, Johnston petitioned in state court for a Declaratory Judgment against Chubb Group of Insurance Companies, WCC, and Conn. [*Id.* at 2]. Johnston sought a determination as to whether the insurance company should enter a defense for him based on the allegations in the wrongful death suit. [*Id.* at 5]. Johnston later amended his petition to assert a claim against "Chubb Group of Insurance Companies, Great Northern Insurance Company."[1] [*Id.* at 26]. Great Northern removed the petition to this Court, and Johnston now seeks to remand. [DN 1, DN 10].

### II.    LEGAL STANDARD

A defendant may remove a civil case over which the United States district courts would have original jurisdiction. 28 U.S.C. § 1441(a). "The party seeking removal bears the burden of

---

[1] "The Amended Petition attempts to rectify the initial Petition's mistaken name for Great Northern." [DN 1 at ¶ 3].

demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 549 (6th Cir.2006) (citations omitted).  A federal district court has diversity jurisdiction over any civil action where the matter in controversy exceeds $ 75,000, exclusive of interests and costs, and is between citizens of different states.  28 U.S.C. 1332(a).  Finally, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Cas. Ins. Co.,* 505 F.3d 401, 405 (6th Cir.2007).

### III.  DISCUSSION

#### A. Diversity of Citizenship

Johnston argues that complete diversity does not exist. [DN 10-1 at 4].  Great Northern responds that there is complete diversity because WCC and Sheri Conn are nominal defendants. [DN 13 at 3].  To determine whether complete diversity exists, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy." *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).  A real party is one "who is entitled to enforce the right asserted under the governing substantive law." *Id.* (citation omitted).  In contrast, "a formal or nominal party 'is one who has no interest in the result of the suit and need not have been made a party thereto.'" *Id.* (citation omitted).

Great Northern correctly asserts that although Johnston named WCC and Conn as defendants, "he neither states a claim against nor seeks relief" from WCC or Conn because Johnston is "seeking a declaration that he has insurance coverage at a minimum to defend him" in the underlying case in state court. [DN 13 at 3]; *See Auxier v. Liberty Mut. Ins. Co.*, No. CV 14-145-ART-HAI, 2014 WL 12649857, at *1 (E.D. Ky. Dec. 18, 2014) (explaining that a nominal party is "one against whom the plaintiffs do not seek relief in the first place"); *see e.g.*, *Hippo Fleming & Pertile Law Offices v. Westport Ins. Corp.*, No. CV 3:15-322, 2016 WL 1715195, at *3–4 (W.D. Pa. Apr. 28, 2016) (finding

the plaintiff in the underlying suit was a nominal party); WCC and Conn are nominal parties because Johnston seeks relief only from Great Northern in his Amended Petition. [DN 1-2 at 28–30]. The real parties before the Court are Johnston, a Kentucky resident, and Great Northern Insurance Company, an Indiana corporation with its principal place of business in New Jersey. [DN 1 ¶¶ 9–10]. As such, diversity of citizenship exists.

### B. Amount in Controversy

Turning to the amount-in-controversy requirement, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Jordan Ice Co. v. Grange Mut. Cas. Co.*, No. CIV.A. 06-142-DLB, 2006 WL 3497767, at *2 (E.D. Ky. Dec. 4, 2006) (citing *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)). When "an insured seeks a declaration that the insurer has a duty to indemnify and to defend," the amount in controversy "*is the value of the underlying tort action.*" *Id.* (emphasis in original). Also, "[w]hile attorney's fees and/or defense costs are not normally considered when determining the amount in controversy, they are included in the amount in controversy (1) when provided by contract, (2) when provided by a statute that expressly mandates or allows the payment of such fees, and (3) when an insurance company will have to pay the underlying defense costs of the insured." *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 784 (E.D. Ky. 2008) (citations omitted).

Here, the underlying complaint asserts an unspecific amount of monetary relief. [DN 1-2 at 37]. Johnston contends that Great Northern cannot make any reasonable argument that the amount in controversy exceeds $75,000. [DN 10-1 at 4]. Great Northern argues that "[b]ecause the underlying case involves an alleged personal injury resulting in death of the claimant, the value of a legal defense of Johnston in the underlying wrongful death action exceeds $75,000." [DN 1 ¶ 22]. The Court is satisfied that Great Northern has carried their burden of establishing that amount in

3

controversy exceeds $75,000. *See Wolfe v. Lincoln Gen. Ins. Co.*, No. C2-01-660, 2002 WL 484638, at *2 (S.D. Ohio Mar. 18, 2002) ("[P]laintiffs seek to protect their right to be defended and indemnified in actions brought against them which allege personal injury and wrongful death. It is certainly probable that the value of such claims . . . exceeds $75,000.00.").

### C. The Court's Discretion to Exercise its Jurisdiction

"Although the issue has not been raised, courts are encouraged to, sua sponte, examine the issue of whether to exercise their discretion in asserting jurisdiction over actions brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a)." *Berkley Assurance Co. v. Carter Douglas Co., LLC*, No. 1:18-CV-00099-GNS, 2020 WL 201051, at *1 (W.D. Ky. Jan. 13, 2020) (citing *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 271 (6th Cir. 2007)). As such, an order for jurisdictional briefing on the issue of whether the Court should exercise its discretion to accept jurisdiction over this action is forthcoming.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Johnston's Motion to Remand [DN 10] is **DENIED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

June 22, 2020

cc: counsel of record

4